IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RODNEY JUSTIN, 24436-057, ) | |
| Plaintiff, ) | |
| v. ) | No. 3:12-CV-4338-N |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| Defendant. ) | |

**FINDINGS CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an order of the District Court, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge follow:

**I.     BACKGROUND**

Plaintiff is a federal prisoner. He is proceeding *pro se* and the Court has granted him leave to proceed *in forma pauperis*.

On November 17, 2010, Plaintiff was convicted of failing to file tax returns and attempting to interfere with the administration of Internal Revenue Laws in violation of 26 U.S.C. §§ 7203 and 7212(a). *United States v. Justin*, 1:09-CR-66 M.D.N.C.). In this complaint, he argues the tax laws under which he was convicted are unconstitutional. He seeks declaratory and injunctive relief against enforcement of these tax laws.

**II.     SCREENING**

A district court may summarily dismiss a complaint filed *in forma pauperis* if it concludes the action is : (1) frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. 28

U.S.C. § 1915(e)(2)(B). To state a claim upon which relief may be granted, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face[,] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level . . . ." *Id*. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.*" Ashcroft v. Iqbal*, 556 U.S. 162, 129 S.Ct. 1937, 1949 (2009). While a complaint need not contain detailed factual allegations, the plaintiff must allege more than labels and conclusions. *Twombly*, 550 U.S. at 555.

### III. DISCUSSION

**1.** *Heck v. Humphrey*

To the extent Plaintiff alleges a violation of his civil rights, his claims are barred by the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). Under *Heck*, a prisoner cannot bring a civil rights action challenging his conviction or confinement unless and until the reason for his continued detention has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid by a state tribunal or federal court. *See also, Stephenson v. Reno*, 28 F.3d 26, 27 (5th Cir. 1994) (finding *Heck* applies to suits under *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971)).

In this case, Plaintiff has not shown that his conviction has been reversed or otherwise declared invalid. Hence, no § 1983 cause of action has yet accrued and these claims should be dismissed with prejudice until the *Heck* conditions are met. *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (stating dismissal should be with prejudice until *Heck* conditions are met).

**2.      Declaratory Judgment and Injunction**

Plaintiff states he brings this complaint under the Declaratory Judgment Act, 28 U.S.C. § 2201, and for injunctive relief pursuant to Fed. R. Civ. P. 65.  The Declaratory Judgment Act, however, denies jurisdiction to the district courts to grant declaratory relief with respect to federal taxes.  *See* 28 U.S.C. § 2201(a) ("In a case of actual controversy within its jurisdiction, except with respect to Federal taxes . . . any court of the United States . . . may declare the rights and other legal relations of any interested party . . ."); *see also, Walters v. United States*, 287 Fed. Appx. 392, 395 (5th Cir. 2008).  Additionally, the Anti-Injunction Act, 26 U.S.C. § 7421, prohibits Plaintiff's claim for injunctive relief.  The Act states, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court."  26 U.S.C. § 7421(a); *see also*, *Taylor v. United States*, 292 Fed. Appx. 383, 388 (5th Cir. 2008).  Plaintiff's claims should therefore be dismissed.

**RECOMMENDATION**

The Court recommends that: (1) Plaintiff's § 1983 claims be dismissed with prejudice until the *Heck* conditions are met; and (2) Plaintiff's remaining claims be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

Signed this 27th day of November, 2012.

_____
PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).